IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | * | |
| QUINCY SALLIEY, | * | CRIMINAL NO. RDB-10-0298 |
| | * | CIVIL NO.   RDB-13-1443 |
| Defendant. | * | |

*******

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Comes now the United States of America, by and through undersigned counsel, and hereby files this Response to Defendant Quincy Salliey's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry "DE" 52).

### PROCEDURAL BACKGROUND

Pursuant to a written plea agreement, DE 32 (attached hereto as Exhibit A), on January 14, 2011, Petitioner Quincy Salliey pled guilty to Count One of a three-count Indictment, which charged him with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).  DE 31 (1/14/11 Rule 11 Hrg. Tr., attached hereto as Exhibit B).   Sentencing was held on March 30, 2011.  DE 37.  This Court found a total adjusted offense level of 31, including an enhancement to base offense level 34 under U.S.S.G. § 4B1.4(b)(3)(A) because Salliey's three convictions qualified him as an Armed Career Criminal.  DE 37 at 10-11, 19 (3/30/11 Sentencing Tr., attached hereto as Exhibit C).   The written plea agreement also contained a stipulation that the Defendant was an Armed Career Criminal.  Exh. A at 5.  The Court sentenced Salliey to 204 months' imprisonment and five years of supervised release.  DE 38.

Salliey filed a direct appeal on April 11, 2011.  DE 40.  The Defendant's conviction and

1

sentence were affirmed by the U.S. Court of Appeals for the Fourth Circuit on February 13, 2012.

Fifteen months later, Salliey filed the instant motion under 28 U.S.C. § 2255 to vacate his conviction.[1]  DE 52.  On May 17, August 13, and September 4, 2013, this Court issued Orders extending Salliey's time to file a memorandum in support of his motion.  DE 54, 55 & 56.  No memorandum in support of Salliey's claims under 28 U.S.C. § 2255 was ever filed by the Defendant.  On December 2, 2013, this Court issued an Order directing the government to respond to Salliey's motion by February 2, 2014.  DE 57.  On the government's motion, this Court subsequently extended the government's time to respond until April 2, 2014.   DE 59.

## LEGAL ARGUMENT

I.  **THE DEFENDANT'S PETITION SHOULD BE DENIEND BECAUSE IT IS VAGUE, CONCLUSORY, AND LACKS FACTUAL SUPPORT.**

Salliey's Petition to Vacate under 28 U.S.C. § 2255 alleges that his "guilty plea and waiver(s) were unknowingly or involuntarily entered based upon receiving ineffective assistance of counsel."  DE 52 at 4, 6.  Salliey offers no facts in the petition to support his claim, instead referring the Court to a "Memorandum of Facts and Law in Support."  DE 52 at 4.  No such memorandum was filed by the Defendant, despite repeated orders by this Court extending his time to do so.  *See* DE 54, 55 & 56.

"'[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.'"  *U.S. v. Dyess*, 730 F.3d 354, 359 (4th Cir.

---

[1] It appears that Salliey's petition was timely filed.  A defendant's conviction becomes final after an appeal when the time period for filing a petition for writ of certiori has expired, which is 69 days after the entry of the appellate court's mandate.  *Clay v. United States*, 537 U.S. 522, 532 (2003).   In this case, Salliey's time to file a petition for a writ of certiori expired on May 14, 2012.  Salliey's instant motion to vacate was docketed on May 15, 2013, however it appears from the envelope that FCI Fort Dix processed his mailing on May 11, 2013 – three days short of Salliey's filing deadline under 28 U.S.C. § 2255.

2

2013), *quoting United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *see also* J*ones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (noting "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (internal quotation marks omitted).

Here, Salliey has not asserted a single fact in support of his claim regarding ineffective assistance of counsel. "Allegations of ineffective assistance must point to specific conduct or errors that fall below an objective standard of reasonableness; 'vague, conclusory, or palpably incredible' allegations unsupported by pleaded facts are insufficient to prevent summary judgment or warrant an evidentiary hearing." *Digsby v. United States*, 2010 WL 99054, \*4 (W.D.N.C. Jan. 6, 2010) (unpub.), *quoting Machibroda v. United States*, 368 U.S. 487, 495 (1962).

To the extent that Salliey's statement that his "guilty plea and waiver(s) were unknowingly or involuntarily entered" asserts a statement of fact, rather than a conclusion of law, it is insufficient to merit consideration by the Court. *See U.S. v. McNicholas*, 298 F.2d 914, 916 (4th Cir. 1962) (It is not the intent of Section 2255 … to require a hearing upon the mere assertion that a prior plea was false. To so interpret the statute … is to say that every time a defendant desires to change his mind as to the reason for [entering] a plea a hearing must be held with the defendant present") (internal citations and quotation marks omitted); *see also Martin v. United States*, 2013 WL 714648 (D. Md. Feb. 26, 2013) (unpub.) (claim of error does not require relief or a hearing where court finds claim of error to be either lacking or not credible).

Moreover, Salliey's claim of an involuntary or unknowing waiver is contradicted by his sworn testimony during his Rule 11 hearing. *See* Exh. B at 24-37. Courts have widely held that allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently

3

frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty); *United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) (allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false."); *United States v. Morgan*, 284 Fed. Appx. 79, 87 (4th Cir. 2008); *Lasiter v. Thomas*, 89 F.3d 699, 702–03 (10th Cir.1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing."); *Ouellette v. United States*, 862 F.2d 371, 377–78 (1st Cir.1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy).

For these reasons, Salliey's petition should be denied as vague, conclusory, and lacking factual support.

## II.   THE RECORD SHOWS THAT SALLIEY'S CLAIMS ARE WITHOUT MERIT.

### A.   Salliey Has Not Shown That His Counsel Was Ineffective.

The touchstone for evaluating a defendant's claim of ineffective assistance of counsel is whether the conduct of his attorney fell "within the range of competence normally demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court held that claims of ineffective assistance of counsel are decided by the following two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so

> serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id. See also Roach v. Martin*, 757 F.2d 1463 (4th Cir. 1985) *cert. denied*, 474 U.S. 865 (1985); *Hill v. Lockhart*, 474 U.S. 52 (1985).

Salliey bears the burden of proving prejudice from his attorney's purported failure. *See Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983). In order to satisfy this part of the test, the defendant must establish that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If a defendant fails to meet his "burden of proving *Strickland* prejudice," then "a reviewing court need not consider the performance prong." *Fields v. Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992).

Here, Salliey has alleged no facts regarding how or in what manner his counsel was ineffective, nor has he demonstrated any prejudice. Salliey's plea agreement stipulated to his prior convictions, his status as an Armed Career Criminal, and set forth an agreed-upon sentence under Fed. R. Crim. P. 11(c)(1)(C). Exh. A at 5-6. The guidelines stipulations were confirmed by the pre-sentence report. Exh. C at 18-20. Salliey received the bargained-for sentence of 204 months' imprisonment. DE 38. His attorney's advice to take the plea was not ineffective. Had Salliey not pled guilty, he would have faced a charge under 18 U.S.C. § 924(c), which carried a mandatory minimum of 60 months imprisonment, consecutive to any other sentence. Thus, without the plea, Salliey faced a mandatory minimum of 20 years – three years more than he

received under the plea.   Exh. C at 11-12.

Moreover, Salliey expressed satisfaction with his attorney at the time of his rearraignment. Exh. B at 8-9.   Where, as here, a defendant affirms under oath that he is satisfied with counsel, the defendant's statements are binding on him absent "clear and convincing evidence to the contrary." *Fields*, 956 F.2d at 1299 (citation omitted); *accord Lemaster*, 403 F.3d at 220-23.   Salliey has not met this burden.

      B.     <u>Salliey Has Not Shown That His Plea Was Unknowing Or Involuntary</u>.

As an initial matter, Salliey challenged the voluntariness of his plea on direct appeal before the Fourth Circuit.   *See United States v. Salliey*, 465 Fed. Appx. 287 (4th Cir. 2012).   "Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."   *U.S. v. Walker*, 299 Fed. Appx. 273, 276 (4th Cir. 2008) (unpub.); *citing United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues."); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (*per curiam*) (explaining that criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").   This Court should therefore not consider Salliey's claim that his plea was unknowing or involuntary.

Moreover, the totality of the transcript of Salliey's Rule 11 hearing demonstrates that Salliey knowingly and voluntarily entered into the plea.   *See* Exh. B.

## **CONCLUSION**

The government respectfully requests that this Court DENY Salliey's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 as meritless without holding a hearing.

                                    Respectfully submitted,

                                    Rod J. Rosenstein
                                    United States Attorney

By:    /s/_____
        Benjamin M. Block
        Assistant United States Attorney
        36 South Charles Street
        Sixth Floor
        Baltimore, Maryland 21201
        410-209-4800

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 to be electronically filed and to be mailed, first class, postage prepaid, on February 6, 2014, to Quincy Salliey, Prisoner 51752-037, FCI Fort Dix – NJ, P.O. Box 2000/Unit 5741, Fort Dix, New Jersey, 08640.

_____/s/_____
Benjamin M. Block